## Weaver v. Brandywine Township

*Glenvar E. Harman,* for plaintiffs.

*P. Richard Klein,* for defendant.

KURTZ, J., March 16, 1967.—On the evening of May 16, 1966, the Board of Supervisors of East Brandywine Township, a township of the second class, voted its approval of an ordinance designated:

"AN ORDINANCE defining and regulating mobile home parks; establishing minimum standards governing the construction and maintenance of mobile home parks; establishing minimum standards governing the provided utilities and facilities, and other physical things and conditions to make mobile home parks safe, sanitary and fit for human habitation; fixing the responsibilities and duties of owners and operators of mobile home parks; authorizing the inspection of mobile home parks; and fixing penalties for violations".

Charles W. Weaver and Thelma M. Weaver, his wife, who claim that they are parties aggrieved by its approval, have filed their complaint in this court under the provisions of The Second Class Township Code of May 1, 1933, P. L. 103, art. VII, sec. 702, as last amended by the Act of June 6, 1963, P. L. 73, sec. 1, 53 PS §65741. In our consideration of that complaint, our inquiry is limited to the manner in which the ordinance was adopted and to procedural irregularity: National Bank of Chester County and Trust Company v. East Whiteland Township, 27 D. & C. 2d 384, 10 Chester 454, (1962), and cases cited therein. Because of that limitation, those portions of the complaint which deal with the alleged unconstitutionality of the ordinance and which charge that it is invalid in law will not be considered.

The eighth paragraph of the complaint alleges that the ordinance was not advertised, adopted or recorded conformably to the provisions of the Township Code.

In that regard, it was testified at the hearing upon the complaint that the ordinance was prepared by the township solicitor, typed by his secretary prior to the supervisors' meeting and presented at that meeting by the solicitor. It was also testified that it had been advertised on May 7, 1966, from which we infer that it had then been "published" as the code requires. The book into which it was placed following adoption (the date of its having been placed therein does not appear of record) was a three-ring loose-leaf notebook which could be readily opened and its pages removed in a very simple operation. As it appears in that book, it does not bear the township seal; neither has it been signed by anyone.

The complainants are the owners of real property within the township which they use as a mobile home park, renting trailer spaces to those people who have need of a plot of ground upon which to put a house trailer. If the ordinance may be enforced, they will be subject to its provisions and regulations. In that sense, they are parties aggrieved by its adoption.

We think the ordinance cannot be enforced, because it has not been properly recorded as the statute requires. The amendatory Act of 1963, cited above, empowers the board of supervisors to adopt ordinances, prescribing the manner in which the specific powers of the township shall be carried out. It also provides:

"All such ordinances, . . . , shall be published not more than sixty days nor less than seven days prior to passage at least once in one newspaper circulating generally in the township. Such ordinances *shall be recorded in the ordinance book of the township* and shall become effective five days after such adoption". (Italics supplied.)

Although we have found no appellate authority which interprets that section of the Township Code,

the Supreme Court has considered the question of the necessity for the proper recording of a borough ordinance in the light of provisions of the Borough Code which are somewhat similar to those now being considered. In West Conshohocken Borough Appeal, 405 Pa. 150 (1961), the appropriate provision of the Borough Code provided that no ordinance should be considered in force until it was recorded in the ordinance book. Regarding that requirement, the court said, at page 159 of its opinion:

"The essential purpose behind the legislative provisions providing for recordation is that the ordinance be so entered in the ordinance book to insure a permanency of its preservation and the prevention so far as possible of its removal from the book".

The court there held that that ordinance, which had been stapled into the ordinance book, had not been recorded "in the legislative sense" and for that reason concluded that it could not be given legal effect.

The most recent amendment to the Township Code upon this point, which we have quoted above, does not direct specifically that the ordinance shall have no effect until recorded, as did the Borough Code in the West Conshocken case. Indeed, the prior amendment to the Township Code which first provided for recording, the Act of April 27, 1945, P. L. 319, sec. 1, was more explicit upon that point than is the present law.

However, in our effort to ascertain the legislative intent, we must give consideration to the occasion and necessity for the law being construed, the mischief to be remedied and the object to be attained: The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. Considering the necessity for the making of a permanent record of the rules and regulations pertaining to township government, we cannot escape the conclusion that the legislature in-

tended that there be proper recording before such a regulation can be given effect. Our conclusion in that regard is supported by another provision of the Township Code relating to zoning which was added by the Act of July 10, 1947, P. L. 1481, sec. 47, as recently amended, 53 PS §67004, in which it is provided that the provisions of a zoning ordinance need not be advertised or recorded "as *in other case*". (Italics supplied.)

The clear implication from the words of that section which we have emphasized is that all ordinances except zoning ordinances require recordation if they are to be given effect. Whether this defect in recording can now be overcome by the transcription or other proper attachment of the instant ordinance into a permanent ordinance book is a question which we need not now decide.

Section 1 of the Act of May 3, 1965, P. L. 26, sec. 1, 53 PS §65513.1, which amended section 513 of the original Township Code, does not require that we reach an opposite conclusion. It permits recordation by stapling or gluing the sheets upon which the ordinance is written to the pages of the ordinance book. However, it provides that when that method of recording is followed, "the township seal shall be impressed upon each page to which such record is attached, each impression thereof covering both a portion of the attached record and a portion of the page of the book of record to which such record is attached". This section has no application to the case now in issue. It need only be considered in those cases to which it specifically applies.

It would also appear from the evidence that the ordinance as it appears in the ordinance book has not been impressed with the township seal. We find no requirement in the code that that be done except for the

provision just quoted, which only applies in specific cases. Section 702, cl. LIV, thereof, added by the Act of June 28, 1955, P. L. 214, sec. 1, 53 PS §65754, makes provision for the adoption of a township seal. It also provides:

"The official acts of the supervisors shall be authenticated therewith, and the seal shall have the same effect when used for such authentication as the seal of a notary public".

An ordinance properly recorded in the ordinance book requires no further authentication. We do not believe that it can be reasonably inferred from the provision of the code just cited that a seal is required upon every ordinance enacted. It is only when the recording is accomplished through stapling or gluing that a seal is needed and then only for the purpose of preventing a substitution of pages.

We think also that the same reasoning justifies our conclusion that no signatures are required to be affixed to an ordinance upon its adoption. The minutes of the supervisors are adequate evidence that it has been voted upon and approved. This question was considered by the Court of Common Pleas of Montgomery County in Rubin v. East Norriton Township Supervisors, 83 Montg. 111, 113 (1963). President Judge Forrest pointed out in his opinion in that case that the signatures of the mayor of a city or borough may be necessary before an ordinance becomes effective because of the veto power which such officers possess. However, he pointed out further that there is no such veto power in the supervisors of a second class township. We concur in that conclusion.

We believe that we have now exercised our power of inquiry in this case to the extent that we are permitted to do so under the procedure here being pursued. We have not considered whether the ordinance meets the requirements of either the State or Federal

Constitutions; neither have we gone into its validity except as validity may be affected by the procedural aspects of the case which have bearing upon it. We enter the following order:

ORDER

And now, March 16, 1967, the ordinance of East Brandywine Township adopted May 16, 1966, the title of which is quoted in the foregoing opinion, is hereby declared to be without legal effect at this time. The complaint as to its legality made in this case is hereby sustained.